```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
JOSHUA JONATHAN JOSEPH GUMORA,                                     :
                                                                   :
                         Plaintiff,                                :
                                                                   :          24 Civ. 6550 (JPC)
              -v-                                                  :
                                                                   :          ORDER OF SERVICE
COVINGTON, CORRECTIONS OFFICER, SECURITY                           :
& MOVEMENT SUPERVISOR RNDC RIKERS, et al.,                         :
                                                                   :
                         Defendants.                               :
                                                                   :
-------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff, who currently is incarcerated at the Robert N. Davoren Center ("RNDC") on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federally protected rights. By order dated September 15, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## I. Discussion

### A. Request for Waiver of Service for Department of Correction Defendants

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that the following Defendants waive service of summons: (1) RNDC Correction Officer ("CO") Covington; (2) RNDC CO Jean-Baptiste; (3) RNDC Deputy Warden Harris; (4) RNDC Warden Chester; (5) OBCC Movement Captain Blow; (7) OBCC 7 Lower Unit Captain Gustave; (8) OBCC 7 Lower Unit Captain Hilton; (9) OBCC 7 Lower Unit Captain Acosta; (10) OBCC 3 South Unit Captain

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Susanka; (11) OBCC Intake Captain Ceaser; (12) OBCC Clinic Captain Bolanos; (13) OBCC Intake CO Daniels; (14) RNDC Mod 4 Lower Unit Officer Melville; (15) RNDC Deputy Warden Black; (16) RNDC Fire Safety Unit CO McMillan; (17) Commissioner, New York City Department of Correction ("DOC"); (18) OBCC Deputy Warden Manning; (19) EMTC Warden Doe; and (20) CO Tragueno.

**B.     Doe Medical Defendants**

Plaintiff names "Correctional Health Services Intake Clinician Doe," and "Correctional Health Services Supervising Physician." Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiff appears to supply sufficient information to permit the government to identify the Doe Defendants Plaintiff seeks to sue here.

It is therefore ordered that NYC Health + Hospitals ("H+H"), which is the medical care provider for all DOC facilities, must ascertain the identity of each Doe medical staff member whom Plaintiff seeks to sue here and the address where these Defendants may be served. The H+H must provide this information to Plaintiff and the Court within sixty days of the date of this Order. Thereafter, the Court will order that the true names of those Defendants be added to the Complaint and that they be served.

**C.     Keefe Commissary Network CEO John Doe**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S.

288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As Defendant Keefe Commissary Network ("Keefe") CEO John Doe is a private party, Plaintiff has not stated a claim against this Defendant under Section 1983. *See Means v. Rockland Cnty. Corr. Fac.*, No. 18 Civ. 8290 (CM), 2019 WL 1596489, at *4 (S.D.N.Y. Apr. 15, 2019) (holding that Keefe "is not transformed into a state actor merely by virtue of any contract to provide . . . commissary"); *Montalvo v. Lamy*, 139 F. Supp. 3d 597, 605 (W.D.N.Y. 2015) (noting that Keefe's "role was simply to manage the commissary program"). Plaintiff's Section 1983 claims against Keefe CEO Doe are dismissed, without prejudice to any claims Plaintiff may be asserting against the City of New York in connection with the commissary food.

### D.  Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the Complaint, or within 120 days of waiver of service, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## II. Conclusion

Plaintiff's claims against Keefe Commissary Network CEO John Doe are dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the *Pro Se* Intake Unit.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that the following Defendants waive service of summons: (1) RNDC CO Covington; (2) RNDC CO Jean-Baptiste; (3) RNDC Deputy Warden Harris; (4) RNDC Warden Chester; (5) EMTC Warden Doe; (6) OBCC Movement Captain Blow; (7) OBCC 7 Lower Unit Captain Gustave; (8) OBCC 7 Lower Unit Captain Hilton; (9) OBCC 7 Lower Unit Captain Acosta; (10) OBCC 3 South Unit Captain Susanka; (11) OBCC Intake Captain Ceaser; (12) OBCC Clinic Captain Bolanos; (13) OBCC Intake CO Daniels; (14) RNDC Mod 4 Lower Unit Officer Melville; (15) RNDC Deputy Warden Black; (16) RNDC Fire Safety Unit CO McMillan; (17) Commissioner, New York City DOC; (18) OBCC Deputy Warden Manning; (19) EMTC Warden Doe; and (20) CO Tragueno.

The Clerk of Court is directed to mail a copy of this Order and the Complaint to New York City Health + Hospitals at 50 Water Street, New York, New York 10004.

The Clerk of Court is directed to mail an information package to Plaintiff. Local Civil Rule 33.2 applies to this case.

SO ORDERED.

Dated: September 23, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge