```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/8/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA JONATHAN JOSEPH GUMORA,

                Plaintiff,

-against-

COVINGTON, CORRECTIONS OFFICER, SECURITY & MOVEMENT SUPERVISOR RNDC RIKERS, ET AL.,

                Defendants.

24-CV-6550 (JPC) (HJR)

ORDER OF SERVICE

HENRY J. RICARDO, United States Magistrate Judge:

    Plaintiff, who currently is incarcerated at the Robert N. Davoren Center ("RNDC") on Rikers Island, is proceeding *pro se* and *in forma pauperis* ("IFP"). He filed this action under 42 U.S.C. § 1983, alleging that Defendants violated his federally protected rights, arising out of events occurring at RNDC, the Eric M. Taylor Center ("EMTC"), and the Otis Bantum Correctional Center. By order dated September 23, 2024, Judge Cronan: (1) requested that employees of the New York City Department of Correction ("DOC") who are named in Plaintiff's complaint waive service of summons; and (2) directed New York City Health + Hospitals ("H+H") to identify "Intake Physician Doe" and "Correctional Health Services Supervising Physician." (ECF 8.) The same day, Judge Cronan referred this matter to me for general pretrial matters. (ECF 7.)

    On October 22, 2024, the waiver of service of summons was returned to the court unexecuted for some Defendants for the following reasons: (1) RNDC Correction Officer ("CO") Jean-Baptiste, "No longer an employee of the agency; (2)

Captain Acosta, "Cannot Identify/No Capt. Acosta in agency"; (3) CO Tragueno, "No matches with this name in agency"; and (4) Warden Doe EMTC, "Need more information for identification." (ECF 12.) Thereafter, the Physician Affiliate Group of New York, P.C. ("PAGNY") (1) identified by email Defendant "Intake Physician Doe" as Pauline Saintu; and (2) indicated that there is not enough information to identify Defendant "Correctional Health Services Supervising Physician."

## DISCUSSION

### A.    Service on PAGNY Employee Pauline Saintu

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Intake Physician Pauline Saintu through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.    Defendants who remain unidentified**

    **1.    RNDC CO Jean-Baptiste and Warden Doe EMTC**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). It is therefore ordered that the New York City Law Department, which is the attorney for and agent of DOC, must attempt to ascertain: (1) the home address of RNDC CO Jean-Baptiste, who apparently is no longer a DOC employee; and (2) the identity of "Warden Doe EMTC." The New York City Law Department must provide this information to Plaintiff and the Court within 60 days of the date of this Order. Thereafter, the Court will order that the true names of those Defendants be added to the complaint and request that they waive service.

    **2.    Captain Acosta, Correction Officer Tragueno, and Correctional Health Services Supervising Physician**

DOC indicated that it was unable to identify Captain Acosta and CO Tragueno based on the information provided in the complaint. PAGNY indicated the same with respect to "Correctional Health Services Supervising Physician." Within 30 days from the date of this order, Plaintiff is directed to provide by letter to the

3

Court any additional information he may have that would help identify who these individuals are. If Plaintiff does not have any other information to provide, he may need to wait until this matter proceeds to discovery to ascertain the identities of these individuals.

### C.     Local Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendant must serve responses to these standard discovery requests. In her response, Defendant must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is directed to: (1) issue a summons for Intake Physician Pauline Saintu, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service; and (2) mail a copy of this order and the complaint to the New York City Law Department, 100 Church Street, New York, N.Y. 10007.

Local Rule 33.2 applies to this case.

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

SO ORDERED.

Dated: November 8, 2024
       New York, New York

_____
HENRY J. RICARDO
United States Magistrate Judge

### SERVICE ADDRESS FOR DEFENDANT

Intake Physician Pauline Saintu
c/o Gwendolyn Renee Tarver
PAGNY – Correctional Health Services
49-04 19th Avenue, 1st Floor
Astoria, NY 11105